UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBIE JO BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00923-TWP-DLP |
| ) | |
| ROSIE'S PLACE ZIONSVILLE, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court on the Plaintiff's Motion to Strike Defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses to Complaint, Dkt. [10]. The motion was referred to the Undersigned and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

Plaintiff filed suit in this Court on March 23, 2020, alleging that the Defendant retaliated against her, in violation of Title VII of the Civils Rights Act of 1964, 42 U.S.C. § 2000, *et. seq.*, for engaging in the protected activity of reporting sexual harassment. (Dkt. 1). On June 18, 2020, Defendant filed its Answer along with ten affirmative defenses. (Dkt. 8). On June 30, 2020, Plaintiff filed the present motion requesting that this Court strike all but one of the Defendant's affirmative defenses. (Dkt. 10). The Defendant filed a response on July 14, 2020, and the Plaintiff filed a reply on July 20, 2020. (Dkts. 11, 12).

## II.   Legal Standard

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are appropriate when they expedite matters by "remov[ing] unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A court may thus strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Id.* at 1294. The purpose of this Rule "is to avoid surprise and undue prejudice to the plaintiff by providing [the plaintiff] notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). District courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

## III.   Discussion

Plaintiff requests that this Court strike Defendant's Affirmative Defense Nos. 1-7, 9, and 10 for providing insufficient factual detail and not meeting the pleading requirements for affirmative defenses. (Dkt. 10). The Defendant argues that each affirmative defense is sufficiently plead and should not be stricken. (Dkt. 11).

District courts across the country disagree as to whether affirmative defenses must meet the heightened "plausibility" standard for complaints as articulated in *Twombly* and *Iqbal* or whether they must meet a lesser standard requiring a court to strike defenses "only when they are insufficient on the face of

the pleadings." *Heller*, 883 F.2d at 1294 (quoting from Fed. R. Civ. P. 8(a)). Neither the Seventh Circuit nor the Supreme Court has squarely addressed which standard courts should follow. Plaintiff urges the Court to adopt the heightened pleading standard of *Twombly* and *Iqbal*. (Dkt. 10 at 3). This Court has adopted both standards in the past, but the Undersigned finds the reasoning of *McKinley v. Rapid Global Bus. Solutions, Inc., et al.,* No. 1:17-cv-621-LJM-MJD, 2017 WL 2555731, at *1 (S.D. Ind. June 13, 2017) persuasive. Accordingly, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id; Leonard v. Trustees of Indiana Univ.*, No. 1:19-cv-00963-JRS-MJD, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019) (affirmative defenses must set forth a "short and plain statement of the defense" that gives the other party fair notice of the nature of the defense). The purpose of this Rule "is to avoid surprise and undue prejudice to the plaintiff by providing [the plaintiff] notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). Thus, defenses consisting of "nothing but bare bones conclusory allegations" are deficient and should be stricken. *Heller*, 883 F.2d at 1295. In light of this legal standard, the Court will address each of Defendant's affirmative defenses in turn.

   i.   *Affirmative Defense No. 1*

Defendant's Affirmative Defense No. 1 states: "Plaintiff's Complaint fails to state a claim upon which relief may be granted." (Dkt. 8 at 9). "Failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b), and it is

a nonwaivable defense that may be asserted at any time. The Rules permit this as an adequate response; therefore, this Court does as well. The Court will not rule on the merits of the Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. *See Leonard*, 2019 WL 3306181, at *2. Accordingly, the Court denies the Plaintiff's motion as to Affirmative Defense No. 1.

    *ii.    Affirmative Defense No. 2*

Defendant's Affirmative Defense No. 2 states: "Plaintiff's claim is barred to the extent it exceeds the scope of her administrative charge." (Dkt. 8 at 10). This affirmative defense is recognized by law. Plaintiffs are required to file a charge of discrimination with the EEOC before bringing a Title VII claim, and the scope of Plaintiff's permissible federal claims is bound by the nature of the claims stated in the administrative charge. *See Dace v. Chicago Pub. Sch.,* No. 19 C 6819, 2020 WL 1861671, at *6 (N.D. Ill. Mar. 18, 2020). The Defendant has a copy of the Plaintiff's administrative charge and of the Complaint, but this defense fails to provide any facts to support a contention that the Complaint exceeds the scope of the charge. Without more, this defense lacks sufficient detail to put the Plaintiff on notice. Accordingly, Affirmative Defense No. 2 is stricken.

    *iii.    Affirmative Defense No. 3*

Defendant's Affirmative Defense No. 3 states: "Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations and/or administrative filing periods." (Dkt. 8 at 10). Defendant provides no information about the applicable

statute or filing period or the alleged time limit that the Plaintiff violated. As such, this bare bones legal conclusion cannot stand. *See Reger v. Arizona RV Centers, LLC*, No. 3:16-cv-778-MGG, 2018 WL 2434040, at *5 (N.D. Ind. May 30, 2018). Accordingly, Defendant's Affirmative Defense No. 3 is stricken.

### iv. *Affirmative Defense No. 4*

Defendant's Affirmative Defense No. 4 states: "Plaintiff's claim is barred, in whole or in part, to the extent she failed to exhaust her administrative remedies." (Dkt. 8 at 10). A Plaintiff's failure to exhaust administrative remedies is an affirmative defense in a Title VII case. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007). Similar to Defense No. 3, however, Defendant provides no information about how the Plaintiff allegedly failed to exhaust her administrative remedies or what action Plaintiff failed to take. As such, this bare bones conclusory defense must be stricken. *See Behn v. Kiewit Infrastructure Co.*, No. 17 C 5241, 2018 WL 5776293, at *3 (N.D. Ill. Nov. 2, 2018). Accordingly, Defendant's Affirmative Defense No. 4 is stricken.

### v. *Affirmative Defense No. 5*

Defendant's Affirmative Defense No. 5 states: "Plaintiff's claim for damages is barred, in whole or in part, to the extent she failed to make reasonable efforts to mitigate her alleged damages." (Dkt. 8 at 10). While courts have held that such cursory defenses are usually insufficient, courts typically permit threadbare pleading of the mitigation defense because defendants are often unable to learn the factual specifics of the plaintiff's mitigation efforts without discovery. *Bell v. Ardagh*

*Grp. S.A.,* No. 1:19-cv-01171-TWP-MJD, 2019 WL 4918691, at *3 (S.D. Ind. Sept. 4, 2019), *report and recommendation adopted*, No. 1:19-cv-01171-TWP-MJD, 2019 WL 4918252 (S.D. Ind. Oct. 3, 2019). Defendant has put Plaintiff on notice that her mitigation efforts will be at issue in this case. Thus, the Court denies the Plaintiff's motion as to Affirmative Defense No. 5.

      vi.     *Affirmative Defense Nos. 6, 9, and 10*

Defendant's Affirmative Defense No. 6 states: "All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to any alleged protected activity." (Dkt. 8 at 10). Defendant's Affirmative Defense No. 9 states: "Without admitting any liability, Defendant states that Plaintiff has no right to damages because it would have made the same decisions and taken the same action absent any alleged unlawful motive." (*Id.*). Defendant's Affirmative Defense No. 10 states: "Defendant made good-faith efforts to comply with Title VII at all times relevant to Plaintiff's allegations." (*Id.*).

For a Title VII retaliation case, a plaintiff must prove that a defendant would not have terminated her but for an improper motive; in this case, Plaintiff must prove that Defendant would not have terminated her but for the improper motive of retaliating against her for engaging in a protected activity. *See Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 362 (2013). Affirmative Defense Nos. 6, 9, and 10 are more appropriately deemed denials of the Plaintiff's allegations, because their intended purpose is to demonstrate that Plaintiff will not be able to meet her

evidentiary burden. *See Leonard*, 2019 WL 3306181, at *2 (citing *Manley v. Boat/U.S. Inc.*, No. 13-CV-5551, 2016 WL 1213731, at *6 (N.D. Ill. Mar. 29, 2016). As such, these denials are not proper affirmative defenses, and the Court hereby strikes Affirmative Defense Nos. 6, 9, and 10.

      *vii.*    *Affirmative Defense No. 7*

Defendant's Affirmative Defense No. 7 states: Defendant has exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior in the workplace." (Dkt. 8 at 10). This defense appears to be brought under the *Farragher-Ellerth* standard, which bars employer liability for a hostile work environment claim under Title VII when: (1) "the employer exercised reasonable care to prevent and correct promptly any ... harassing behavior" and (2) "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998). This case, however, only involves a claim of Title VII retaliation for engaging in protected activity and does not make a claim for Title VII hostile work environment. There are no facts that would support this defense.

Defendant argues that this Court should not strike affirmative defenses that are merely immaterial, such as Affirmative Defense No. 7. (Dkt. 11 at 2-3) (citing *Hardin v. Amer. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). Instead, Defendant requests that the Plaintiff demonstrate prejudice before the Court

strikes any defenses. (Id.). The Court concludes that prejudice has been established insofar as Plaintiff has not received proper notice as to the basis of Defendant's proffered defense. As such, the Court finds it appropriate to strike Defendant's Affirmative Defense No. 7.

### IV.    Conclusion

For the reasons stated above, Plaintiff's Motion to Strike Defendant's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses to Complaint, Dkt. [10], is hereby **GRANTED IN PART** and **DENIED IN PART**. Defendant's Affirmative Defense Nos. 2, 3, 4, 6, 7, 9, and 10 are stricken from Defendant's Answer. Affirmative Defense Nos. 1 and 5 shall remain.

So ORDERED.

Date: 11/25/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email